## Supreme Court of Pennsylvania

**Court of Common Pleas**
**Civil Cover Sheet**

Cambria _____ **County**

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: _2022-1269_ | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

Prothonotary Cambria Co. PA. FILED
APR 18 '22 PM 01:11

**SECTION A**

**Commencement of Action:**
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

| Lead Plaintiff's Name: ELIZABETH GRIFFITHS | Lead Defendant's Name: WALMART, INC., etc., et al. |
|---|---|

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|---|

| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Nicholas Katko, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABILITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| ELIZABETH GRIFFITHS and RANDY GRIFFITHS, wife and husband, | CIVIL DIVISION |
| | No. |
| Plaintiffs, | |
| vs. | |
| WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935; | **COMPLAINT IN CIVIL ACTION** |
| WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935; and | Filed on behalf of Plaintiffs: Elizabeth Griffiths and Randy Griffiths, wife and husband. |
| WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, | Counsel of Record for These Parties: |
| Defendants. | NICHOLAS KATKO, ESQUIRE E-mail address: nkatko@edgarsnyder.com PA I.D. No. 322843 |
| | JASON M. LICHTENSTEIN, ESQUIRE E-mail address: jlichtenstein@edgarsnyder.com PA I.D. No. 73288 |
| | Firm No. 1605 |
| | EDGAR SNYDER & ASSOCIATES, LLC US Steel Tower, 10th Floor 600 Grant Street Pittsburgh, PA 15219-2705 412-394-1000 |
| | JURY TRIAL DEMANDED |

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| ELIZABETH GRIFFITHS and RANDY GRIFFITHS, wife and husband, | ) CIVIL DIVISION<br>)<br>) No. |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935; | )<br>)<br>) |
| WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935; and | )<br>)<br>) |
| WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, | )<br>)<br>) |
| Defendants. | )<br>) |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE   -          LAUREL LEGAL SERVICES, INC.
                                     225-227 Franklin Street
                                     Suite 400 Franklin Center
                                     Johnstown, PA 15901-2524
                                     Telephone (814) 536-8917

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| ELIZABETH GRIFFITHS and RANDY GRIFFITHS, wife and husband, | ) CIVIL DIVISION ) |
| | ) No. |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935; | ) ) |
| | ) |
| WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935; and | ) ) |
| | ) |
| WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT IN CIVIL ACTION**

AND NOW, come the Plaintiffs, ELIZABETH GRIFFITHS and RANDY GRIFFITHS, wife and husband, by and through their attorneys, EDGAR SNYDER & ASSOCIATES, LLC; NICHOLAS KATKO, ESQUIRE; and JASON M. LICHTENSTEIN, ESQUIRE, and set forth the within COMPLAINT IN CIVIL ACTION, and in support thereof, aver the following:

1.     Plaintiffs, ELIZABETH GRIFFITHS and RANDY GRIFFITHS, wife and husband, are adult individuals who reside at 116 Keim Street, Hollsopple, Somerset County, Pennsylvania, 15935.

2.     Upon information and belief, Defendants, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935; WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935; and WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP (hereinafter collectively referred to as "WALMART"), are Delaware corporations or other legal entities authorized to conduct business in the Commonwealth of Pennsylvania with corporate

offices and/or principal places of business located at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

3. Upon information and belief, Defendants, WALMART, regularly conduct business within Cambria County, Pennsylvania and in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendants, WALMART, owned, controlled, possessed, and/or leased real property and a business establishment known as Wal-Mart Supercenter #1935, located in Richland Town Centre at 150 Town Centre Drive, Johnstown, Cambria County, Pennsylvania 15904.

5. At all times material hereto, Defendants, WALMART, were acting by and through their officers, agents, servants, employees, and/or representatives, which were acting in the course and scope of their capacity as officers, agents, servants, employees, and/or representatives of Defendants, WALMART.

6. At all times material hereto, Defendants, WALMART, advertised for business and held said Wal-Mart Supercenter #1935 out and open to the public for the public to enter into and upon Defendants' business premises to patronize Defendants' business.

7. At all times material hereto, Defendants, WALMART, by and through their agents, servants, representatives and employees, were responsible for the management and operation of said business, including the maintenance and repair of the interior of the business premises, including the walkways and floors of said Defendants' business premises.

8. The events hereinafter complained of occurred on or about March 16, 2021, at approximately 4:00 p.m. inside the Wal-Mart Supercenter #1935, located at 150 Town Centre Drive, Johnstown, Cambria County, Pennsylvania 15904, at or near the store's main entrance/exit and outside the McDonald's fast-food restaurant within the store.

9. At all times material hereto, the Plaintiff, ELIZABETH GRIFFITHS, was in the process of exiting the McDonald's fast-food restaurant and walking towards the main exit of the Wal-Mart Superstore when she tripped over a rolled up floor rug/mat, which was negligently placed horizontally on the floor adjacent to the Wal-Mart Superstore sliding glass door main exit, thereby causing the Plaintiff, ELIZABETH GRIFFITHS, to catch her foot on the mat, lose her balance, and violently fall against the nearby wall.

10. It is believed and therefore averred that Defendants, WALMART, owned, controlled, possessed, and/or otherwise placed the aforementioned floor rug/mat.

11. At all times material hereto, Plaintiff, ELIZABETH GRIFFITHS, was a business invitee who entered into and upon Defendants' business establishment for the purposes of patronizing Defendants' business. As such, Plaintiff, ELIZABETH GRIFFITHS was a business invitee upon Defendants' business premises.

12. As possessor and controller of the Wal-Mart Superstore #1935 located in Richland Town Centre at 150 Town Centre Drive, as identified above, the herein Defendants, WALMART, owed a duty to protect their invitees not only against known dangers, but those dangers which they created, and those dangers which Defendants would have discovered using reasonable care.

13. At all times material hereto, Defendants, WALMART, caused and allowed a dangerous and hazardous tripping condition of within Defendants' business premises to exist, that being a rolled up floor mat or rug located between the sliding glass door exit of the Wal-Mart Supercenter #1935 and the McDonald's fast-food restaurant located within the Wal-Mart Supercenter #1935 at or near the store's main entrance/exit.

14. Defendants WALMART, knew or should have known of the dangerous and/or defective condition of the area where the rug was located, directly in front of the exit, created a potential tripping hazard.

15. The Defendants, WALMART, herein are liable for physical harm caused to their invitees by a condition of the premises they created and/or if the Defendants knew, or in the exercise of reasonable care, should have discovered said condition as a reasonable risk of harm to their invitees.

16. At all times material hereto, as a direct and proximate result of the above-described dangerous conditions, the Plaintiff, ELIZABETH GRIFFITHS, sustained serious and severe injuries, as set forth in more detail below.

## COUNT 1 - NEGLIGENCE

## ELIZABETH GRIFFITHS

### v.

## WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935

17. Paragraphs 1 through 16 are incorporated herein by reference as though set forth more fully at length herein.

18. The above-described incident, injuries and damages sustained by the Plaintiff, ELIZABETH GRIFFITHS, occurred as a direct and proximate result of the negligence and carelessness of the Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935 through their agents, servants, employees and/or representatives, generally and in the following particulars:

> a. In causing, allowing and/or permitting the Plaintiff, ELIZABETH GRIFFITHS, to be caused to trip over a dangerous condition, that being a rolled up rug and/or mat, at the exit way of the business premises;

b. In causing, allowing and/or permitting the said dangerous and hazardous conditions to exist on the exit way of Defendant's business premises;

c. In failing to take any action, reasonable steps, measures or precautions to keep the floor of Defendant's business safe, free and clear of any and all said dangerous and hazardous conditions;

d. In failing to take any and all reasonable steps, actions, precautions or preventative measures as a business owner to keep its floors safe, free, clear and clean of said dangerous and hazardous conditions;

e. In failing to have an appropriate threshold or transfer on the floor of Defendant's business so invitees can enter and exit without any dangerous and hazardous condition existing;

f. In negligently placing and/or laying the rolled up rug and/or mat on the premises so that it created a tripping hazard;

g. In failing to ensure the rug and/or mat was flat on the ground in order to make it safe for business invitees, such as Plaintiff, to traverse it;

h. In negligently placing and/or laying the rolled up rug and/or mat in in an area where Defendant knew or should have known business invitees, such as Plaintiff, would walk;

i. In negligently creating and/or allowing a dangerous and/or hazardous condition to exist on the aforesaid premises;

j. In failing to have appropriate type of floor at the exit way of Defendant's business;

k. In failing to notify and/or advise Plaintiff and other business invitees that it would be creating an artificial and dangerous condition thereon and/or altering the condition of the premises;

l. In failing to adequately warn the Defendant's business invitees, including the Plaintiff, of said rolled up rug and/or mat;

m. In failing to erect any type of caution signs, warning signs, yellow cones or any other types of warning devices to warn Defendant's business invitees, including the Plaintiff, of the existence of said rug and/or mat;

n. In failing to take any and all reasonable steps, actions, precautions and preventative measures to keep Defendant's business premises safe, free and clear of the said dangerous and hazardous conditions, including dangerous and hazardous tripping hazardous caused by rugs and/or mats;

o. In allowing an unreasonable amount of time to pass prior to warning, moving, removing, or relocating the rug and/or mat from the aforesaid premises;

p. In creating and/or allowing an obstruction to exist on the aforesaid premises;

q. In failing to provide adequate visual cues to draw Plaintiff's attention to and/or alert her to the existence of the rug and/or mat;

r. In failing to adequately mark, warn, flag or otherwise indicate the existence of the rug and/or mat, so that Plaintiff's attention would be drawn to it and/or would recognize its existence;

s. In failing to properly train and/or instruct its agents, servants, and/or employees in the proper and safe placement of potential tripping/falling hazards, such as the subject rug and/or mat;

t. In failing to properly train and/or instruct its agents, servants, and/or employees to recognize, address, and remove dangerous and hazardous conditions, including the subject rug and/or mat, from commercial properties;

u. In violating applicable guidelines, rules, regulations, codes, statutes, ordinances, and standards regarding the installation, placement and/or maintenance of rugs and/or mats;

v. In generally failing to follow its own policies, procedures, guidelines, regulations, and/or instructions;

w. In failing to properly, promptly, and adequately warn, advise, or otherwise notify Plaintiff of the dangerous condition of the rug and/or mat;

x. In failing to block off or otherwise prevent the use of the section of the main exit where the rug and/or mat was placed;

y. In creating, causing, allowing, or permitting there to exist in a public store exit a tripping/falling hazard such as the rug and/or mat when Defendant knew or should have known that people traversing the exit would encounter this unreasonably dangerous and hazardous condition and trip and fall or otherwise be injured;

z. In placing the rug and/or mat in an area where Defendant knew or should have known it would not be seen and/or recognized by individuals traversing the main exit;

aa. In allowing unqualified, unlicensed, untrained, and/or otherwise unfit agents, servants, and/or employees to install and/or place the rug and/or mat on the premises;

bb. In failing to properly and adequately instruct, train, retrain, educate, and observe its agents, servants, and/or employees;

cc. In failing to properly and adequately instruct, train, retrain, and educate its employees on the nature of fall hazards in the work area;

dd. In failing to properly and adequately instruct, train, retrain, and educate its employees on how to recognize fall hazards in the work area;

ee. In failing to properly and adequately instruct, train, retrain, and educate its employees on how to prevent fall hazards in the work area;

ff. In failing to recommend, provide, and enforce frequent inspections of the work area and/or equipment used in the work area, including inspections for unsafe work conditions;

gg. In violating OSHA's General Duty clause requirements;

hh. In failing to comply with OSHA regulations regarding maintenance and inspection of safe walking surfaces;

ii. In failing to comply with OSHA's accident prevention program requirements;

jj. In failing to comply with ANSI/ASSP standards regarding safe work environments;

kk. In failing to comply with International Property Maintenance Code requirements;

ll. In failing to perform reasonable inspections of its business premises;

mm. In failing to properly and adequately instruct, train, retrain, and educate its employees to inspect its premises;

nn. In failing to have proper written policies and/or procedures in place for Defendant's business to conduct reasonable and adequate inspections of its business premises to detect and uncover any potentially dangerous and hazardous conditions of Defendant's business;

oo. In failing to have any written policies and/or procedures in place and in failing to enforce any such policies and/or procedures regarding the safety of Defendant's business;

pp. In failing to institute, enact or implement any proper written policies and procedures for the training of Defendant's employees regarding the recognition of dangerous and hazardous conditions existing on Defendant's premises;

qq. In failing to take appropriate steps and actions to clear and/or remove the said dangerous and tripping hazardous from defendant's exit way; and

rr. In violating generally accepted standards of care in the commercial property maintenance industry by failing to institute and enforce generally accepted standards and guidelines in the commercial property industry.

19. As a direct and proximate result of the above negligence and carelessness of the

Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff,

ELIZABETH GRIFFITHS, suffered the following serious personal injuries, some or all of which

may be permanent:

a. Left wrist displaced fracture of distal radius requiring surgical intervention, including open reduction internal fixation;

b. Left wrist pain;

c. Left wrist deformity;

d. Left wrist swelling;

e. Left wrist ecchymosis;

f. Left wrist stiffness;

g. Left wrist weakness;

h. Left facial bruising;

i. Left facial swelling;

j. Decreased range of motion;

k. Difficulty sleeping;

l. Loss of strength;

m. Impaired mobility;

n. Difficulty ambulating;

o. Difficulties with activities of daily living; and

p. Other injuries the extent and nature of which are unknown at this time.

20.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, has and will continue to receive and undergo medical attention, treatment, and care.

21.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, has and will continue to incur and expend various sums of money related to medical attention, treatment, and care.

22.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, has also suffered the following damages:

     a.  Severe physical pain;

     b.  Mental anguish;

     c.  Fright;

     d.  Humiliation;

     e.  Embarrassment;

     f.  Permanent scarring and disfigurement;

     g.  Loss of earnings and loss of earning capacity; and

     h.  Loss of enjoyment of life, vitality, vigor, health, and/or strength.

WHEREFORE, Plaintiff, ELIZABETH GRIFFITHS, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, in an amount in excess of the arbitration limits of Cambria County plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

## COUNT II – LOSS OF CONSORTIUM

### RANDY GRIFFITHS

#### v.

### WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935

23.     Paragraphs 1 through 22 are incorporated herein by reference as though set forth more fully at length herein.

24.     As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, Plaintiff, RANDY GRIFFITHS, has also suffered the following damages:

> a. Loss of consortium and continued deprivation of the services, comfort, society, assistance, and companionship of his wife;
>
> b. Great inconvenience; and
>
> c. Has been and will continue to be required to expend sums of money for his wife's medical care, medical supplies, and medications and seeks recovery of these costs.

WHEREFORE, Plaintiff, RANDY GRIFFITHS, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant, WALMART, INC. d/b/a WAL-MART SUPERCENTER #1935, in an amount in excess of the arbitration limits of Cambria County plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

## COUNT III - NEGLIGENCE

### ELIZABETH GRIFFITHS

**v.**

### WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935

25.     Paragraphs 1 through 24 are incorporated herein by reference as though set forth more fully at length herein.

26.     The above-described incident, injuries and damages sustained by the Plaintiff, ELIZABETH GRIFFITHS, occurred as a direct and proximate result of the negligence and carelessness of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935 through their agents, servants, employees and/or representatives, generally and in the following particulars:

> a.  In causing, allowing and/or permitting the Plaintiff, ELIZABETH GRIFFITHS, to be caused to trip over a dangerous condition, that being a rolled up rug and/or mat, at the exit way of the business premises;
>
> b.  In causing, allowing and/or permitting the said dangerous and hazardous conditions to exist on the exit way of Defendant's business premises;
>
> c.  In failing to take any action, reasonable steps, measures or precautions to keep the floor of Defendant's business safe, free and clear of any and all said dangerous and hazardous conditions;
>
> d.  In failing to take any and all reasonable steps, actions, precautions or preventative measures as a business owner to keep its floors safe, free, clear and clean of said dangerous and hazardous conditions;
>
> e.  In failing to have an appropriate threshold or transfer on the floor of Defendant's business so invitees can enter and exit without any dangerous and hazardous condition existing;
>
> f.  In negligently placing and/or laying the rolled up rug and/or mat on the premises so that it created a tripping hazard;
>
> g.  In failing to ensure the rug and/or mat was flat on the ground in order to make it safe for business invitees, such as Plaintiff, to traverse it;

h. In negligently placing and/or laying the rolled up rug and/or mat in in an area where Defendant knew or should have known business invitees, such as Plaintiff, would walk;

i. In negligently creating and/or allowing a dangerous and/or hazardous condition to exist on the aforesaid premises;

j. In failing to have appropriate type of floor at the exit way of Defendant's business;

k. In failing to notify and/or advise Plaintiff and other business invitees that it would be creating an artificial and dangerous condition thereon and/or altering the condition of the premises;

l. In failing to adequately warn the Defendant's business invitees, including the Plaintiff, of said rolled up rug and/or mat;

m. In failing to erect any type of caution signs, warning signs, yellow cones or any other types of warning devices to warn Defendant's business invitees, including the Plaintiff, of the existence of said rug and/or mat;

n. In failing to take any and all reasonable steps, actions, precautions and preventative measures to keep Defendant's business premises safe, free and clear of the said dangerous and hazardous conditions, including dangerous and hazardous tripping hazardous caused by rugs and/or mats;

o. In allowing an unreasonable amount of time to pass prior to warning, moving, removing, or relocating the rug and/or mat from the aforesaid premises;

p. In creating and/or allowing an obstruction to exist on the aforesaid premises;

q. In failing to provide adequate visual cues to draw Plaintiff's attention to and/or alert her to the existence of the rug and/or mat;

r. In failing to adequately mark, warn, flag or otherwise indicate the existence of the rug and/or mat, so that Plaintiff's attention would be drawn to it and/or would recognize its existence;

s. In failing to properly train and/or instruct its agents, servants, and/or employees in the proper and safe placement of potential tripping/falling hazards, such as the subject rug and/or mat;

t. In failing to properly train and/or instruct its agents, servants, and/or employees to recognize, address, and remove dangerous and hazardous conditions, including the subject rug and/or mat, from commercial properties;

u. In violating applicable guidelines, rules, regulations, codes, statutes, ordinances, and standards regarding the installation, placement and/or maintenance of rugs and/or mats;

v. In generally failing to follow its own policies, procedures, guidelines, regulations, and/or instructions;

w. In failing to properly, promptly, and adequately warn, advise, or otherwise notify Plaintiff of the dangerous condition of the rug and/or mat;

x. In failing to block off or otherwise prevent the use of the section of the main exit where the rug and/or mat was placed;

y. In creating, causing, allowing, or permitting there to exist in a public store exit a tripping/falling hazard such as the rug and/or mat when Defendant knew or should have known that people traversing the exit would encounter this unreasonably dangerous and hazardous condition and trip and fall or otherwise be injured;

z. In placing the rug and/or mat in an area where Defendant knew or should have known it would not be seen and/or recognized by individuals traversing the main exit;

aa. In allowing unqualified, unlicensed, untrained, and/or otherwise unfit agents, servants, and/or employees to install and/or place the rug and/or mat on the premises;

bb. In failing to properly and adequately instruct, train, retrain, educate, and observe its agents, servants, and/or employees;

cc. In failing to properly and adequately instruct, train, retrain, and educate its employees on the nature of fall hazards in the work area;

dd. In failing to properly and adequately instruct, train, retrain, and educate its employees on how to recognize fall hazards in the work area;

ee. In failing to properly and adequately instruct, train, retrain, and educate its employees on how to prevent fall hazards in the work area;

ff. In failing to recommend, provide, and enforce frequent inspections of the work area and/or equipment used in the work area, including inspections for unsafe work conditions;

gg. In violating OSHA's General Duty clause requirements;

hh. In failing to comply with OSHA regulations regarding maintenance and inspection of safe walking surfaces;

ii. In failing to comply with OSHA's accident prevention program requirements;

jj. In failing to comply with ANSI/ASSP standards regarding safe work environments;

kk. In failing to comply with International Property Maintenance Code requirements;

ll. In failing to perform reasonable inspections of its business premises;

mm. In failing to properly and adequately instruct, train, retrain, and educate its employees to inspect its premises;

nn. In failing to have proper written policies and/or procedures in place for Defendant's business to conduct reasonable and adequate inspections of its business premises to detect and uncover any potentially dangerous and hazardous conditions of Defendant's business;

oo. In failing to have any written policies and/or procedures in place and in failing to enforce any such policies and/or procedures regarding the safety of Defendant's business;

pp. In failing to institute, enact or implement any proper written policies and procedures for the training of Defendant's employees regarding the recognition of dangerous and hazardous conditions existing on Defendant's premises;

qq. In failing to take appropriate steps and actions to clear and/or remove the said dangerous and tripping hazardous from defendant's exit way; and

rr. In violating generally accepted standards of care in the commercial property maintenance industry by failing to institute and enforce generally accepted standards and guidelines in the commercial property industry.

27. As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, suffered the following serious personal injuries, some or all of which may be permanent:

a. Left wrist displaced fracture of distal radius requiring surgical intervention, including open reduction internal fixation;

b. Left wrist pain;

c. Left wrist deformity;

   d.  Left wrist swelling;

   e.  Left wrist ecchymosis;

   f.  Left wrist stiffness;

   g.  Left wrist weakness;

   h.  Left facial bruising;

   i.  Left facial swelling;

   j.  Decreased range of motion;

   k.  Difficulty sleeping;

   l.  Loss of strength;

   m.  Impaired mobility;

   n.  Difficulty ambulating;

   o.  Difficulties with activities of daily living; and

   p.  Other injuries the extent and nature of which are unknown at this time.

28.  As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, has and will continue to receive and undergo medical attention, treatment, and care.

29.  As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, has and will continue to incur and expend various sums of money related to medical attention, treatment, and care.

30.  As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935, the Plaintiff, ELIZABETH GRIFFITHS, has also suffered the following damages:

a. Severe physical pain;

b. Mental anguish;

c. Fright;

d. Humiliation;

e. Embarrassment;

f. Permanent scarring and disfigurement;

g. Loss of earnings and loss of earning capacity; and

h. Loss of enjoyment of life, vitality, vigor, health, and/or strength.

WHEREFORE, Plaintiff, ELIZABETH GRIFFITHS, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935, in an amount in excess of the arbitration limits of Cambria County plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

## COUNT IV – LOSS OF CONSORTIUM

### RANDY GRIFFITHS

#### v.

#### WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935

31. Paragraphs 1 through 30 are incorporated herein by reference as though set forth more fully at length herein.

32. As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER #1935, Plaintiff, RANDY GRIFFITHS, has also suffered the following damages:

a. Loss of consortium and continued deprivation of the services, comfort, society, assistance, and companionship of his wife;

b. Great inconvenience; and

c. Has been and will continue to be required to expend sums of money for his wife's medical care, medical supplies, and medications and seeks recovery of these costs.

WHEREFORE, Plaintiff, RANDY GRIFFITHS, respectfully requests that this Honorable Court

enter a judgment in his favor and against Defendant, WAL-MART STORES, INC. d/b/a WAL-

MART SUPERCENTER #1935, in an amount in excess of the arbitration limits of Cambria

County plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

## COUNT V - NEGLIGENCE

### ELIZABETH GRIFFITHS

#### v.

### WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP

33. Paragraphs 1 through 32 are incorporated herein by reference as though set forth more fully at length herein.

34. The above-described incident, injuries and damages sustained by the Plaintiff, ELIZABETH GRIFFITHS, occurred as a direct and proximate result of the negligence and carelessness of the Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP through their agents, servants, employees and/or representatives, generally and in the following particulars:

a. In causing, allowing and/or permitting the Plaintiff, ELIZABETH GRIFFITHS, to be caused to trip over a dangerous condition, that being a rolled up rug and/or mat, at the exit way of the business premises;

b. In causing, allowing and/or permitting the said dangerous and hazardous conditions to exist on the exit way of Defendant's business premises;

c. In failing to take any action, reasonable steps, measures or precautions to keep the floor of Defendant's business safe, free and clear of any and all said dangerous and hazardous conditions;

d. In failing to take any and all reasonable steps, actions, precautions or preventative measures as a business owner to keep its floors safe, free, clear and clean of said dangerous and hazardous conditions;

e. In failing to have an appropriate threshold or transfer on the floor of Defendant's business so invitees can enter and exit without any dangerous and hazardous condition existing;

f. In negligently placing and/or laying the rolled up rug and/or mat on the premises so that it created a tripping hazard;

g. In failing to ensure the rug and/or mat was flat on the ground in order to make it safe for business invitees, such as Plaintiff, to traverse it;

h. In negligently placing and/or laying the rolled up rug and/or mat in in an area where Defendant knew or should have known business invitees, such as Plaintiff, would walk;

i. In negligently creating and/or allowing a dangerous and/or hazardous condition to exist on the aforesaid premises;

j. In failing to have appropriate type of floor at the exit way of Defendant's business;

k. In failing to notify and/or advise Plaintiff and other business invitees that it would be creating an artificial and dangerous condition thereon and/or altering the condition of the premises;

l. In failing to adequately warn the Defendant's business invitees, including the Plaintiff, of said rolled up rug and/or mat;

m. In failing to erect any type of caution signs, warning signs, yellow cones or any other types of warning devices to warn Defendant's business invitees, including the Plaintiff, of the existence of said rug and/or mat;

n. In failing to take any and all reasonable steps, actions, precautions and preventative measures to keep Defendant's business premises safe, free and clear of the said dangerous and hazardous conditions, including dangerous and hazardous tripping hazardous caused by rugs and/or mats;

o. In allowing an unreasonable amount of time to pass prior to warning, moving, removing, or relocating the rug and/or mat from the aforesaid premises;

p. In creating and/or allowing an obstruction to exist on the aforesaid premises;

q. In failing to provide adequate visual cues to draw Plaintiff's attention to and/or alert her to the existence of the rug and/or mat;

r. In failing to adequately mark, warn, flag or otherwise indicate the existence of the rug and/or mat, so that Plaintiff's attention would be drawn to it and/or would recognize its existence;

s. In failing to properly train and/or instruct its agents, servants, and/or employees in the proper and safe placement of potential tripping/falling hazards, such as the subject rug and/or mat;

t. In failing to properly train and/or instruct its agents, servants, and/or employees to recognize, address, and remove dangerous and hazardous conditions, including the subject rug and/or mat, from commercial properties;

u. In violating applicable guidelines, rules, regulations, codes, statutes, ordinances, and standards regarding the installation, placement and/or maintenance of rugs and/or mats;

v. In generally failing to follow its own policies, procedures, guidelines, regulations, and/or instructions;

w. In failing to properly, promptly, and adequately warn, advise, or otherwise notify Plaintiff of the dangerous condition of the rug and/or mat;

x. In failing to block off or otherwise prevent the use of the section of the main exit where the rug and/or mat was placed;

y. In creating, causing, allowing, or permitting there to exist in a public store exit a tripping/falling hazard such as the rug and/or mat when Defendant knew or should have known that people traversing the exit would encounter this unreasonably dangerous and hazardous condition and trip and fall or otherwise be injured;

z. In placing the rug and/or mat in an area where Defendant knew or should have known it would not be seen and/or recognized by individuals traversing the main exit;

aa. In allowing unqualified, unlicensed, untrained, and/or otherwise unfit agents, servants, and/or employees to install and/or place the rug and/or mat on the premises;

bb. In failing to properly and adequately instruct, train, retrain, educate, and observe its agents, servants, and/or employees;

cc. In failing to properly and adequately instruct, train, retrain, and educate its employees on the nature of fall hazards in the work area;

dd. In failing to properly and adequately instruct, train, retrain, and educate its employees on how to recognize fall hazards in the work area;

ee. In failing to properly and adequately instruct, train, retrain, and educate its employees on how to prevent fall hazards in the work area;

ff. In failing to recommend, provide, and enforce frequent inspections of the work area and/or equipment used in the work area, including inspections for unsafe work conditions;

gg. In violating OSHA's General Duty clause requirements;

hh. In failing to comply with OSHA regulations regarding maintenance and inspection of safe walking surfaces;

ii. In failing to comply with OSHA's accident prevention program requirements;

jj. In failing to comply with ANSI/ASSP standards regarding safe work environments;

kk. In failing to comply with International Property Maintenance Code requirements;

ll. In failing to perform reasonable inspections of its business premises;

mm. In failing to properly and adequately instruct, train, retrain, and educate its employees to inspect its premises;

nn. In failing to have proper written policies and/or procedures in place for Defendant's business to conduct reasonable and adequate inspections of its business premises to detect and uncover any potentially dangerous and hazardous conditions of Defendant's business;

oo. In failing to have any written policies and/or procedures in place and in failing to enforce any such policies and/or procedures regarding the safety of Defendant's business;

pp. In failing to institute, enact or implement any proper written policies and procedures for the training of Defendant's employees regarding the recognition of dangerous and hazardous conditions existing on Defendant's premises;

qq. In failing to take appropriate steps and actions to clear and/or remove the said dangerous and tripping hazardous from defendant's exit way; and

rr. In violating generally accepted standards of care in the commercial property maintenance industry by failing to institute and enforce generally accepted standards and guidelines in the commercial property industry.

35.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, the Plaintiff, ELIZABETH GRIFFITHS, suffered the following serious personal injuries, some or all of which may be permanent:

> a. Left wrist displaced fracture of distal radius requiring surgical intervention, including open reduction internal fixation;
>
> b. Left wrist pain;
>
> c. Left wrist deformity;
>
> d. Left wrist swelling;
>
> e. Left wrist ecchymosis;
>
> f. Left wrist stiffness;
>
> g. Left wrist weakness;
>
> h. Left facial bruising;
>
> i. Left facial swelling;
>
> j. Decreased range of motion;
>
> k. Difficulty sleeping;
>
> l. Loss of strength;
>
> m. Impaired mobility;
>
> n. Difficulty ambulating;
>
> o. Difficulties with activities of daily living; and
>
> p. Other injuries the extent and nature of which are unknown at this time.

36.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, the Plaintiff, ELIZABETH GRIFFITHS, has and will continue to receive and undergo medical attention, treatment, and care.

37.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, the Plaintiff, ELIZABETH GRIFFITHS, has and will continue to incur and expend various sums of money related to medical attention, treatment, and care.

38.     As a direct and proximate result of the above negligence and carelessness of the Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, the Plaintiff, ELIZABETH GRIFFITHS, has also suffered the following damages:

   a.  Severe physical pain;

   b.  Mental anguish;

   c.  Fright;

   d.  Humiliation;

   e.  Embarrassment;

   f.  Permanent scarring and disfigurement;

   g.  Loss of earnings and loss of earning capacity; and

   h.  Loss of enjoyment of life, vitality, vigor, health, and/or strength.

WHEREFORE, Plaintiff, ELIZABETH GRIFFITHS, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, in an amount in excess of the arbitration limits of Cambria County plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

## COUNT VI – LOSS OF CONSORTIUM

### RANDY GRIFFITHS

#### v.

### WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP

39. Paragraphs 1 through 38 are incorporated herein by reference as though set forth more fully at length herein.

40. As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, Plaintiff, RANDY GRIFFITHS, has also suffered the following damages:

> a. Loss of consortium and continued deprivation of the services, comfort, society, assistance, and companionship of his wife;
>
> b. Great inconvenience; and
>
> c. Has been and will continue to be required to expend sums of money for his wife's medical care, medical supplies, and medications and seeks recovery of these costs.

WHEREFORE, Plaintiff, RANDY GRIFFITHS, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant, WAL-MART STORES EAST, INC. t/d/b/a WAL-MART STORES EAST LP, in an amount in excess of the arbitration limits of Cambria County plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,
EDGAR SNYDER & ASSOCIATES, LLC

By: _____

Nicholas Katko, Esquire
Jason M. Lichtenstein, Esquire
Attorneys for Plaintiff

## **VERIFICATION**

We, ELIZABETH GRIFFITHS and RANDY GRIFFITHS, wife and husband, Plaintiffs herein, hereby verify that the averments of fact contained in the foregoing COMPLAINT IN CIVIL ACTION are true and correct and based upon our personal knowledge, information, or belief. We understand that these averments of fact are made subject to the penalties of 18 Purdons Consolidated Statutes Section 4904, relating to unsworn falsification to authorities.

Date: _10 - 21 - 21_

ELIZABETH GRIFFITHS

Date: _10 - 21 - 21_

RANDY GRIFFITHS

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

EDGAR SNYDER & ASSOCIATES, LLC

Nicholas Katko, Esquire
Attorney No.: 322843